GIBSON, ADMINISTRATOR *v.* WADE, ADMINISTRATOR.

Opinion delivered November 22, 1915.

1. ADMINISTRATION—REVOCATION OF LETTERS—NON-RESIDENT ADMINISTRATOR.—Kirby's Digest, § § 14-16, expressly provides for the revocation of letters of administration where the administrator becomes a non-resident of the State, and of an administrator appointed after the adult heirs and creditors interested in an estate have arranged and agreed to wind it up and distribute the assets without administration; the letters would be revoked in a proper case, upon the application or motion of any person interested in the estate.

2. ADMINISTRATION—REMOVAL OF ADMINISTRATOR—PAYMENT OF ADULTS.—It is not the province of the administrator of the estate of one deceased brother, to attempt to protect the interest of the estate of another by removal of the administrator thereof for the benefit of the heirs of the first, there being no debts to be paid nor any reason for the control of any real estate for that purpose.

Appeal from Pulaski Circuit Court, Third Division; *G. W. Hendricks,* Judge; affirmed.

*W. C. Adamson,* for appellant.

1. The letters should have been revoked and the proceedings dismissed on account of laches. 56 Ark. 633; 63 *Id.* 405; 73 *Id.* 445. A revocation of letters is proper when it appears that the letters should not have been issued. 18 Cyc. 151; 74 Ark. 168.

2. The administrator should have been removed. 18 Cyc. 159-60; 1 Ga. 78; 83 Ind. 501; 88 Cal. 302; 39 N. J. Eq. 332. An administrator should be removed for failure to defend actions against his estate. 57 Md. 569; 82 N. C. 323; 27 Gratt. (Va.) 29; 86 Pa. St. 129; 189 Mass. 390; 148 Mass. 247. An administrator is trustee for all parties interested, and it is his duty to protect the estate. 39 Ark. 577; 78 *Id.* 111. The question of whether an administrator is bound to plead the statute of limitations is still in doubt in this State. 13 Ark. 512; 20 *Id.* 83; 22 *Id.* 290; 50 *Id.* 217; 84 *Id.* 65; 108 *Id.* 80; 18 Cyc. 433.

*W. H. Pemberton,* for appellee.

KIRBY, J. This is an appeal by L. J. Gibson, administrator in succession, of the estate of David Wade, one of the heirs of J. A. Wade, deceased, from a judgment of the circuit court, refusing to remove Fen P. Wade, administrator of the estate of R. Len Wade, and revoke his letters of administration.

The petition for revocation of the letters and removal of the administrator, was first filed in the probate court, and being overruled there, an appeal was taken to the circuit court.

The petition alleges that R. Len Wade was one of the heirs of J. A. Wade, deceased, and an owner of an undivided interest in his estate. That R. Len Wade died in January, 1902, and no letters of administration were taken out on his estate until May, 1913, and on the day letters were issued, Mrs. M. F. Wade, who had been administratrix of the estate of J. A. Wade from his death in '91 until 1912, presented a claim against the estate of R. Len Wade for the sum of $3,618.75, for money alleged to be due her, to the administrator of his estate; alleged that the said claim was barred by laches, which should

have been pleaded by the administrator, but that he wholly failed and refused to make any defense thereto and allowed the claim in full on presentation. That the letters were taken out for the sole purpose of permitting Mrs. Wade to obtain a judgment for the amount of the claim against the estate of R. Len Wade.

It was further alleged that Fen P. Wade was the son of said Mrs. Wade and that his interest as an heir of said J. A. Wade, deceased and of R. Len Wade, deceased, and as her son was such that it conflicted with his official duty and that at the time of the death of R. Len Wade, he had no property of any character, except his interest as heir to J. A. Wade, deceased, which at the time consisted wholly of real estate and that if any part of the claim was allowed it would be necessary for the administrator to procure an order of court directing him to sell part or all of the real estate belonging to the estate of J. A. Wade for the payment of the judgment. No response to the motion was filed.

It appears from the testimony that David Wade, a son of J. A. Wade, deceased, married and that a son was born of this marriage, named David, Jr., and his wife later procured a divorce and married a Mr. Wilson. After the death of David Wade, no further payments of alimony were made and Mrs. Wade, the widow of the elder Wade and his sons refused to make any allowance out of his estate for David Wade, Jr. His mother went into the probate court, filed exceptions to the settlement of Mrs. M. F. Wade, as administratrix of the elder Wade's estate and finally procured a judgment to be entered against her for $3,200, which has never been paid. She then resigned as administratrix of the estate, and procured the appointment of Fen P. Wade as administrator of the estate of R. Len Wade and presented to him a claim against it for the amount alleged, which was allowed in full by the administrator, but upon presentation to the probate court it was disallowed, and an appeal taken to the circuit court. This proceeding was then instituted in the probate court.

(1)   The statute expressly provides for the revocation of letters of administration where the administrator becomes a non-resident of the State, and of an administrator appointed after the adult heirs and creditors interested in an estate have arranged and agreed to wind it up and distribute the assets without administration. Sections 14-16, Kirby's Digest.

The letters of course would be revoked in a proper case, upon the application or motion of any person interested in the estate.   This controversy is between the administrators in succession of the estates of two brothers, David Wade and R. Len Wade, whose total estate consists of their interest as heirs in the estate of their father, J. A. Wade, deceased, which estate consisted of real estate only as alleged in the petition.

(2)   Neither does the petition disclose that the lands of said estate of Wade, the elder, the father of said deceased brothers, are necessary for the payment of any debts against his estate, which has long been in course of administration, nor any sufficient reason why such lands, except the homestead, should not be distributed to the heirs.

It is not claimed by appellant that his intestate had an interest in the estate of the deceased, R. Len Wade, of which Fen P. Wade, complained against, is administrator, which could be subjected to the payment of the debts of appellant's intestate, nor that there are any debts or claims against said estate to be paid, and the petition shows that the mother of the deceased, R. Len Wade, survived him and succeeded to a life estate in the real estate of the father descended to him.

If it be argued that the interest of the son, David Jr., of appellant's intestate in the estate of inheritance of his father from the elder Wade and from the deceased brother, R. Len Wade, might be lessened or destroyed by the sale of the interest of R. Len Wade, for the payment of the judgment of his mother upon a simulated claim against his estate, it is answered by saying that it is not the province of the administrator of the estate of one de-

ceased brother to attempt to protect the interest of the estate of another, by removal of the administrator thereof for the benefit of the heir of the first, there being no debts to be paid nor any reason for the control of such real estate for that purpose. The heir's interest can in any event be protected by resistance of the payment of the alleged simulated claim, notwithstanding the allowance thereof by the administrator and this claim has been in fact disallowed by the probate court.

If the law authorizes the removal of the administrator, the appellant was in no position to ask that it should be done and no error was committed by the trial court in the denial of his motion and petition for removal of the administrator and revocation of his letters.

The judgment is affirmed.